IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JERI TILLETT,<br><br>               Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND<br>MANAGEMENT, INTERIOR<br>BOARD OF LAND APPEALS, and<br>DEPARTMENT OF THE INTERIOR,<br><br>               Defendants. | CV 18-109-BLG-SPW-TJC<br><br>**FINDINGS AND<br>RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

Plaintiff Jerri Tillett brought this action challenging the alleged unlawful conduct by Defendants Bureau of Land Management ("BLM"), Interior Board of Land Appeals ("IBLA"), and Department of the Interior ("DOI") with respect to the culling of wild horses within the Pryor Mountain Wild Horse Range ("PMWHR"). Presently before the court is Defendants' Motion to Dismiss. (Doc. 3.)

I.  **BACKGROUND**

Plaintiff filed a complaint on July 17, 2018 challenging the BLM's proposed cull of wild horses within the PMWHR. (Doc. 1.) A case challenging the same action was filed in this Court before U.S. District Judge Susan P. Watters on August 17, 2018. *See Kathrens et al v. Zinke et al*, 1:18-cv-00125-SPW. That

1

case has since been dismissed because the BLM withdrew the Decision Record and Finding of No Significant Impact ("DR/FONSI") concerning the challenged action.

In the instant case, Plaintiff requests this Court issue a permanent injunction on the BLM's activities in the Pryor Mountains, order an investigation into the BLM Billings Field Office, and award her restitution in the amount of two million dollars. (Doc. 1-1 at 5-6.) In response, Defendants filed the instant motion to dismiss.

The motion challenges Plaintiff's failure to exhaust her administrative remedies, leaving this Court without subject matter jurisdiction to hear this case. (Doc. 4.) Plaintiff responded to the motion on September 11, 2018. (Doc. 6). Before Defendants filed a reply, the IBLA remanded the decision challenged in this action back to the BLM. (Doc. 11-1). Defendants now assert that the IBLA's remand to the BLM renders this case moot, and it should be dismissed. (Doc. 11.)

## II. **DISCUSSION**

Plaintiff challenges the legality of the BLM's 2018 PMWHR cull. (Doc. 1). The Court construes this claim as a challenge to a final agency action under the Administrative Procedure Act ("APA"). The APA provides a "waiver of sovereign immunity in suits seeking judicial review of a federal agency action under § 1331." *Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998). The APA limits a court's judicial review to agency actions "made reviewable by

statute and final agency action for which there is no other adequate remedy in a court". 5 U.S.C. § 704. "Where no other statute provides a private right of action, the 'agency action' complained of must be '*final* agency action.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61-62 (2004) (emphasis in original). A final agency action meets two conditions: "[f]irst, the action must mark the consummation of the agency's decision making process . . . it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Gallo Cattle Co.*, 159 F.3d at 1198-99 (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1196 (9th Cir. 1997.)

A plaintiff's claim may not be entitled to judicial review under the APA if it was asserted at the wrong time. Exhaustion, mootness, and finality are complementary doctrines that may prevent a claim from proceeding. Due to the timing of Plaintiff's complaint, and the subsequent regulatory actions taken in this matter, Plaintiff's claim was unripe when filed and has now become moot. For the following reasons, these doctrines bar the Court from reviewing Plaintiff's claim.

    **A.**    **Ripeness**

Determining whether a claim is right for review requires a court to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration". *Abbott Laboratories v. Gardner*, 387 U.S. 136,

3

149 (1967).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (2016) (citing *Texas v. U.S.*, 523 U.S. 296 (1998)).  Further, "in the context of judicial review under the APA, a challenge to agency conduct is ripe only if it is filed after the final agency action." *Citizens for Appropriate Rural Roads*, 815 F.2d at 1079.

Here, Plaintiffs claim was filed on July 17, 2018.  The BLM's Finding Of No Significant Impact and Decision Record was finalized on August 3, 2018. (Doc. 4-1).  "The issuance of a [Record of Decision] generally constitutes a final agency action."  *Id*.  Because Plaintiff's claim was filed prior to the BLM's issuance of the Decision Record, her claim is unripe.

Additionally, Plaintiff's claim rests upon events that did not occur and a legal determination that has not yet occurred.  In fact, the action Plaintiff challenges was enjoined in *Kathrens et al v. Zinke et al*, 1:18-cv-00125-SPW. "[T]he 'actual injury' requirement of Article III standing precludes judicial consideration of . . . hypothetical harm." *Envtl. Defense Ctr. v. EPA*, 344 F.3d 832, 867 (9th Cir. 2003).

Therefore, Plaintiff's claim is unfit for judicial review.  Further, since the challenged action was enjoined and is now withdrawn, withholding review will not result in hardship to the parties.

**B.     Mootness**

A party's moot claims are not entitled to judicial review. *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). But if mootness arises because of "a defendant's voluntary cessation of a challenged practice," a court is not required to dismiss the case for lack of jurisdiction. *Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 408 F.Supp.2d 916, 918-19 (N.D. Cal. 2006). Even so, a court may dismiss the case as moot if it is clearly established that the violations "could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (quoting *U.S. v. Concentrated Phosphate Export Ass'n.*, 393 U.S. 199, 203 (1968).

Defendants have the burden to show the "challenged actions will not resume if the court rules that the case is moot." *Fund for Animals v. Jones*, 151 F.Supp.2d 1, 7 (D.D.C. 2001). The Court finds Defendants have met their burden. First, per BLM's request, the IBLA set aside the DR/FONSI at issue. (Doc. 11-1). Second, the BLM withdrew the DR/FONSI and stated it "will not be initiating or taking any actions described in the 2018 EA and/or the 2018 DR and FONSI." *See Kathrens*,

1:18-CV-000125-SPW-TJC at Doc. 25, *See also*, https://eplanning.blm.gov/epl-front-office/projects/nepa/89925/162956/198855/Update_Letter_signed.pdf.

Third, because the BLM withdrew the DR/FONSI, the agency's management of the PMWHR will continue under previously implemented plans. The BLM will have to start anew at step one in the administrative process before it makes any changes to the management of the PMWHR. Thus, a future challenge to the BLM's PMWHR management would likely be based on a different administrative record, and "the basis for the decision, and the basis for challenging that decision, may change." *Forest Serv. Employees for Envtl. Ethics*, 408 F.Supp.2d at 919.

Finally, as the court further noted in *Forest Serv. Employees for Envtl. Ethics.*, "[p]utting aside the procedural and regulatory differences that a new [decision] would create . . . it is unreasonable to presume that any such decision would be reached in the first place." 408 F.Supp. 2d at 919. The BLM has done more than simply suspend the challenged actions - it has gone back to the drawing board completely. At this point, the agency will be required to determine whether and how to proceed with any future action.

### III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 3) be **GRANTED**.

6

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 31st day of January, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge