IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
MAR 1 2 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JERRI TILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LANDS APPEALS, and DEPARTMENT OF THE INTERIOR<br><br>Defendants. | CV 18-109-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Plaintiff Jerri Tillett brought this action seeking to challenge an action under consideration by the Bureau of Land Management on the Pryor Mountain Wild Horse Range ("PMWHR"). (Doc. 1). The United States moved to dismiss Tillett's complaint claiming Tillett had failed to exhaust her administrative remedies. (Doc. 3). The United States also advised the Court that the Interior Board of Land Appeals had, at BLM's request, remanded the challenged decision back to BLM, and BLM planned to withdraw the decision, rendering Tillett's case moot. (Doc. 11).

Magistrate Judge Timothy Cavan issued Findings and Recommendations on the United States' motion on January 31, 2019, recommending her case be

1

dismissed because Tillett's claims are not ripe and moot. (Doc. 3-6). Tillett filed her objections on February 26, 2019. (Doc. 16).

## I. Statement of facts

Tillett does not object to the Statement of Facts contained in Judge Cavan's Findings and Recommendations. Judge Cavan's Statement of Facts are therefore adopted in full.

## II. Discussion

Judge Cavan recommends granting BLM's motion to dismiss because Tillett's claims are not ripe and her claims are moot. Tillett objects. First, Tillett argues that her claims do not fall under the Administrative Procedure Act ("APA") because they are "Environmental Matters and/or Other Civil Rights" claims. But Tillett challenged an action under consideration by the BLM for the PMWHR. (Doc. 1, 1-1). Accordingly, Judge Cavan correctly determined that Tillett's only procedural avenue for challenging such an action is the APA. *See e.g. Hoefler v. Babbit,* 139 F.3d 726, 728 (9th Cir. 1998).

Second, Tillett alleges new complaints of "systemic & routine malfeasance" and "extensive violations of the Constitution of the United States." (Doc. 16 at 102). These claims were not contained in Tillett's complaint. (Doc. 1-1 at 1). Moreover, these claims do not have any factual support and lack any legal authority. Tillett also alleges BLM violated her First and Fifth Amendment rights

2

through lack of process in the challenged PMWHR action. (Doc. 1-1 at 3). These claims fall within her original complaint alleging BLM's procedural deficiencies, which, as noted above, fall under the APA.

Finally, Tillett argues that she exhausted her administrative remedies because the BLM stated that the 2018 action would begin July 1, 2018. (Doc. 16 at 3). Although BLM proposed an action date, no final agency action had occurred, however. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency decision." 5 U.S.C. § 704.

As Judge Cavan correctly noted, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all." (Doc. 13 at 4) (quoting *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (2016)). "In the context of judicial review under the APA, a challenge to agency conduct is ripe only if it is after the final agency action." *Id.* at 1079.

Here, Tillett filed her claim on July 17, 2018. BLM's Finding of No Significant Impact ("FONSI") and Decision Record ("DR") was finalized on August 3, 2018. (Doc. 4-1). "The issuance of a [Record of Decision] generally constitutes a final agency action." *Id.* Because Plaintiff's claim was filed prior to the BLM's issuance of the DR, her claim is unripe. Moreover, because the Interior

Board of Land Appeals remanded the challenged decision back to the BLM, Tillett's case became moot. Because the BLM withdrew the DR/FONSI, any challenge to BLM's actions would be based on a different administrative record, and the "basis for the decision, and the basis for challenging the decision, may change." *Forest Serv. Employees for Envtl. Ethics*, 408 F.Supp.2d 916, 918 (N.D. Cal. 2006). Tillett's objections are overruled.

## IV. Conclusion

IT IS ORDERED that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 13) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that BLM's Motion to Dismiss (Doc. 3) is GRANTED.

The Clerk of Court is ordered to close this case.

DATED this 12th day of March 2019.

SUSAN P. WATTERS
United States District Judge

4